**Curlin PENNICK, III, Plaintiff–Appellant,**

v.

**Joe WILLIAMSON, Cook, Stafford Creek Correctional Center, Defendant–Appellee.**

No. 13–35120.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 29, 2014.

Curlin Pennick, III, Aberdeen, WA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian James Considine, Esquire, Assistant Attorney General, Attorney General's Office, Olympia, WA, for Defendant–Appellee.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM **

Washington state prisoner Curlin Pennick, III, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that the denial of kosher meals for over two days during Passover violated his First Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir.2011). We affirm.

The district court properly granted summary judgment on the basis of qualified immunity because there was no genuine dispute of material fact as to whether defendant Williamson reasonably relied on the Passover meals-list which mistakenly omitted Pennick. *See Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1049–50 (9th Cir.2002) (holding that a prison official may be entitled to qualified immunity where he has a reasonable, but mistaken, belief about the facts or about what the law requires in a given situation); *see also Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

curiam) ("The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" (citation omitted)).

Pennick's motion to supplement the record on appeal, filed on June 10, 2013, is denied.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.